UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-cv-01545-MTS |
| | ) |
| WAREHOUSE WEST RESTARANT AND LOUNGE LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Joe Hand Promotions, Inc. moved the Clerk of Court to enter Default against Defendants Warehouse West Restarant and Lounge LLC[1] and Tyrone Lamont Trotter after Defendants failed to file any response to the Complaint in this matter or otherwise appear. After the Clerk of Court entered Defendants' default, Plaintiff filed the instant Motion for Default Judgment. For the reasons explained herein, the Court will grant Plaintiff's Motion and enter a Judgment by Default in Plaintiff's favor in the amount of $62,007.

\*   \*   \*

"The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (quoting *FTC v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam)). After the Clerk of Court enters default pursuant

---

[1] Consistent with Plaintiff's Complaint and its other filings, a review of the Missouri Secretary of State's business entity index shows that the LLC Defendant here spells it as *Restarant* not *Restaurant*.

to Federal Rule of Civil Procedure 55(a), the facts alleged in the plaintiff's complaint, except as to damages, are taken as true and "may not be later contested." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6).  A court must then review the complaint and "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Marshall*, 616 F.3d at 852 (citing *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).  Once the court determines the plaintiff stated a legitimate cause of action on a claim for an uncertain amount of damages, Federal Rule of Civil Procedure 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" in order to "enable the court to enter judgment."  Fed. R. Civ. P. 55(b)(2).  Whether an evidentiary hearing is necessary to determine the amount of plaintiff's damages is a decision soundly committed to the discretion of the district court. *See KD v. Douglas Cnty. Sch. Dist. No. 001*, 1 F.4th 591, 601 (8th Cir. 2021) ("Rule 55(b)(2) entrusts the district court with the discretion to decide if a hearing on the issue of damages is necessary following default judgment."); *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) (explaining the "need for a hearing is within the sound discretion of the district court").

Upon review of the Complaint and Plaintiff's Motion for Entry of Default Judgment along with its exhibits, the Court concludes Defendants[2] violated 47 U.S.C. § 605 when they exhibited the broadcasts at issue without authorization from Plaintiff.

---

[2] The unchallenged facts show that Defendant Tyrone Lamont Trotter was the sole member of Defendant Warehouse West Restarant and Lounge LLC and had the right and ability to supervise the infringing activity.  The Court finds he is vicariously liable for the unauthorized exhibitions.

For the violation, the Court will award Plaintiff statutory damages under § 605(e)(3)(C)(i)(II) in the amount of ten thousand dollars. The Court will award an additional fifty thousand dollars in damages under § 605(e)(3)(C)(ii) given that the facts, taken as true, show that Defendants committed the act willfully and for commercial advantage and private financial gain. Finally, the Court will award costs, including awarding reasonable attorneys' fees, in the amount of two thousand seven dollars.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment, Doc. [14], is **GRANTED**.

The Court will enter a Judgment by Default herewith in favor of Plaintiff for the amount of sixty-two thousand seven dollars.

Dated this 15th day of April 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE